IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFREDO MESTRE, )<br>      **Plaintiff** )<br>)<br>v. )<br>)<br>MR. DOMBROWSKI, et al., )<br>      **Defendants.** ) | C.A. No. 12-276 Erie<br><br>**Magistrate Judge Baxter** |

## OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter

### I.  INTRODUCTION

#### A.  Relevant Procedural and Factual History

On November 6, 2012, Plaintiff Alfredo Mestre, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are two employees of the Pennsylvania Department of Corrections ("DOC") at SCI-Forest: Mr. Dombrowski, Unit Manager ("Dombrowski"), and Kristin Reisinger, Hearing Examiner ("Reisinger"). Plaintiff claims that Defendants violated his due process rights under the fourteenth amendment to the United States Constitution in connection with a misconduct hearing that was held on August 3, 2012, in connection with a misconduct he received on July 28, 2012, for taking peanut butter and jelly out of the dining hall without permission. (ECF No. 5-1, Complaint supplement, at p. 1). In

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 6, 15].

1

particular, Plaintiff claims he did not get a fair hearing because Defendant Reisinger found him guilty of the charged misconduct without any supporting evidence, and Defendant Dombrowski interfered with the process by calling Defendant Reisinger about the matter in violation of DOC policy. (Id. at p. 3). As a result of being found guilty of the misconduct, Plaintiff was given 30 days' cell restriction and lost his prison job. (Id. at p. 2).

Defendants have filed a motion to dismiss Plaintiff's complaint [ECF No. 13] arguing that Plaintiff has failed to state a cause of action upon which relief may be granted. Plaintiff has filed a response to Defendants' motion [ECF No. 21], Defendants have filed a reply brief [ECF No. 22], and Plaintiff has filed a "counter reply" [ECF No. 23]. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the

context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

3

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## C. Discussion

To establish a due process claim under the Fourteenth Amendment, Plaintiff must first demonstrate the existence of a constitutionally protected liberty or property interest. Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000), citing Fuentes v. Shevin, 407 U.S. 67 (1972). If it is determined that the asserted interest is protected by the Due Process Clause, the Plaintiff must then show that the state deprived him of the process that is due to protect it. Shoats, 213 F.3d at 143, citing Morrissey v. Brewer, 408 U.S. 471 (1972).

The Supreme Court has held that a prisoner's state created liberty interest is limited to those situations that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). "In deciding whether a protected liberty interest exists under *Sandin*, we consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions." Mitchell v. Horn, 318 F.3d 523, 531-32 (3d Cir. 2003), citing Shoats, 213 F.3d at 144.

Here, Defendants' alleged failure to provide Plaintiff with a fair misconduct hearing ultimately caused him to be placed on 30 days' cell restriction and cost him his prison job. Neither of these sanctions implicates a protected liberty or property interest. In particular, thirty days of cell restriction is far too short to implicate a liberty interest. See, e.g., Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (finding that seven months of disciplinary confinement did not implicate a liberty interest), and Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997) (finding that administrative detention for a period of 15 months did not impose atypical and significant hardship and, thus, did not implicate a liberty interest). Moreover, it is well-settled in this Circuit that an inmate has no liberty or property interest in his prison job assignment arising from the Due Process Clause itself, or from any federal statute or prison regulations. James v. Quinlan, 866 F.2d 627, 630 (3d Cir. 1989). Thus, Plaintiff has failed to

demonstrate that a constitutionally protected liberty or property interest was infringed by Defendants' alleged conduct. As a result, Plaintiff's Fourteenth Amendment due process claim against Defendants will be dismissed.

       An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ALFREDO MESTRE, | ) | C.A. No. 12-276 Erie |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| MR. DOMBROWSKI, et al., | ) | |
| Defendants. | ) | |

# **ORDER**

AND NOW, this 31st day of October, 2013,

IT IS HEREBY ORDERED that Defendants' motion to dismiss Plaintiff's complaint [ECF No. 13] is GRANTED, and this case is DISMISSED.

The Clerk is directed to mark this case closed.

*/s/ Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States Magistrate Judge